■ ROBERT A. PARENTE, Respondent, v. BAYVILLE MARINE, INC., et al., Defendants, and GENERAL INSURANCE COMPANY OF AMERICA, Appellant.— In an action *inter alia* to recover upon an insurance policy covering plaintiff's boat, which sank, defendant General Insurance Company of America appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered March 27, 1973, as is against it and in favor of plaintiff, upon a jury verdict. Judgment reversed insofar as appealed from, on the law, and new trial granted, with costs to abide the event. The appeal, as presented, involved no questions of fact. Plaintiff's boat sank at the end of the 1970 boating season because hot engine exhaust gases had burned a hole in a rubber exhaust hose below the water line, permitting sea water to enter the hull. However, plaintiff and the defendant insurer differed as to exactly what had allowed the hot gases to pass through the hose without first being cooled. Plaintiff claimed it was a latent defect in an exhaust riser and, more particularly, an off-center water separation tube, which impaired the proper circulation of cooling water around the hot exhaust gases. The insurer claimed simply that an accumulation of rust inside the riser had clogged the system and prevented the free flow of cooling water. Plaintiff recovered a general verdict, but we find a reversal and new trial necessary because of errors in the charge to the jury. In our view, the trial court erred in defining a "latent defect", for which the policy afforded coverage. It is not simply any defect which is not discoverable through ordinary use and maintenance, as the trial court here charged, but, as applied to these facts, a defect or flaw, generally in the metal itself, which could not be discovered by any known and customary test (*The Carib Prince*, 63 F. 266, affd. 68 F. 254, revd. on other grounds 170 U. S. 655; *The Toledo*, 30 F. Supp. 93, affd. 122 F. 2d 255, cert. den. 314 U. S. 689; *The Bill*, 47 F. Supp. 969, affd. *sub nom. Lorentzen* v. *Brazil Oiticica*, 145 F. 2d 470; *Ferrante* v.

*Detroit Fire & Mar. Ins. Co.*, 125 F. Supp. 621; *Reliance Ins. Co.* v. *Bricken-kamp*, 147 So. 2d 200 [Fla. App. Ct.], 91 ALR 2d 1290). The results of normal wear and tear and gradual deterioration due to the corrosive effects of sea water do not constitute a latent defect (see, e.g., *The Bill, supra*; *Ferrante* v. *Detroit Fire & Mar. Ins. Co., supra*). Therefore, to the extent that the trial court's charge allowed the jury to infer that even an accumulation of rust in the riser, blocking cooling water circulation, could constitute a latent defect, and then additionally refused appellant's request to charge the "theory of the case", at least as to latent defects, error was committed. Furthermore, in charging so much of the policy provision as provided coverage for "negligence of repairers", the court introduced an issue never specifically raised upon the trial. There was some testimony elicited, primarily by appellant as to past repairs and maintenance, but the proof was extremely sparse and deficient with respect to what reasonable standard of care was violated, if any. On the new trial herein directed, plaintiff must expand the proof if he wishes to pursue this theory before the jury. Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: I do not agree with the majority's definition of a latent defect. There should be a recovery when materials, free of defects, are improperly assembled and thereby cause hoses to overheat and form holes which lead to flooding and sinking of a vessel. Upon this record, the evidence supports the verdict for plaintiff.